UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARIA DE JESUS BRIONE RENTERIA<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSON'S LLC, *et al.*,<br><br>Defendants. | Case No. 2:22-cv-02048-RFB-BNW<br><br>**ORDER** |

### I.   INTRODUCTION

Before the Court in this slip and fall tort action is one pending motion:  Plaintiff Maria de Jesus Brione Renteria's Motion to Remand (ECF No. 7).  For the reasons stated below, the Court grants Plaintiff's Motion.

### II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this case by filing a complaint in the Eighth Judicial District Court, Clark County, Nevada, on October 6, 2022 (Case No. A-22-859477-C). ECF No. 1-3. She brought suit against named Defendants Albertson's LLC and Albertson's Stores SUB LLC; she also brought suit against various unnamed Defendant employees of named Defendants. Id. In her Complaint, Plaintiff seeks compensatory damages "in excess of" $15,000.00, special damages, and interest, fees, and costs as allowed by law. ECF No. 1-3 at 7.

On October 10, 2022, Defendant Albertson's LLC was served the summons and complaint. See ECF Nos. 1-4, 1-5, 1-6, 1-7. On November 1, 2022, Defendants filed an Answer to the Complaint. ECF No. 1-11. On November 11, 2022, Plaintiff filed a Reply in support of her Request for Exemption from Arbitration, alleging that the amount in controversy exceeded $50,000.00.

1 ECF No. 1-8. In it, she states that "the probable jury award value [is] north of $75,000." Id. at 2.
2 Plaintiff states that her "knee injuries are severe" and likely to lead to "surgical intervention." Id.
3 She also states that "a jury will, more probably than not, return a verdict in excess of the $50,000
4 in compensation just with respect to the intangible harms and losses alone." Id. at 3.

5 On December 9, 2022, Defendants filed a Petition for Removal.  ECF No. 1. On December
6 12, 2022, Defendants identified the following non-named interested parties: ABS NV-O, LLC;
7 Safeway Inc.; Albertson's Holdings, LLC; AB Acquisition LLC; Albertson's Companies, and
8 Albertsons Stores Sub Holdings LLC. ECF No. 4. On December 29, 2022, Plaintiff filed the instant
9 Motion for Remand. ECF No. 7. On January 11, 2023, Defendants filed a Response. ECF No. 9.
10 On January 17, 2023, Plaintiff filed a Reply in support of her Motion. ECF No. 13. This Order
11 follows.

### III. LEGAL STANDARD

Under 28 U.S.C. § 1332, a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). When original jurisdiction exists under either 28 U.S.C. § 1331 or § 1332 but the matter was filed in a state court, the matter may be removed to federal district court. 28 U.S.C. § 1441(b). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," however, "the case shall be remanded." 28 U.S.C. § 1447(c).  Proper jurisdiction under Section 1332 requires complete diversity, so each plaintiff must be diverse from each defendant.  Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005). To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992) (internal citation omitted). "Th[is] strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.

/

## IV. DISCUSSION

The parties dispute whether or not the amount in controversy has been established for this Court's jurisdiction. When Plaintiff's Complaint was filed in state court, there was no basis for federal jurisdiction, as there were no federal claims alleged, and though there was complete diversity, the amount in controversy was not clearly over $75,000.00. The parties dispute whether Plaintiff's reply in support of her Request for Exemption from Arbitration, standing on its own, substantiates Defendants' argument that the amount in controversy is greater than $75,000.00. The Court finds that it does not.

As a threshold matter, it is not clear to the Court, based on the record before it, when Plaintiff initially requested that the state court case be exempt from arbitration. The record is clear that the "other paper" in this case was Plaintiff's reply in support of her Request, which was filed on November 11, 2022. However, the parties do not contest the fact that the Petition was timely as it was filed in this Court within 30 days of that date.

The Court finds that Plaintiff's Reply filed in state court is insufficient to establish this Court's jurisdiction. A defendant has the burden of establishing the amount in controversy by a preponderance of the evidence. Cohn v. Petsmart, Inc., 281 F.3d 837, 839 (9th Cir. 2002). A defendant may rely upon a single letter or settlement offer or other document if it represents a "reasonable estimate" of the Plaintiff's claim. See id. at 839-40. The Court finds that Defendants have not established that Plaintiff's conclusory statement in her Reply that the "probable jury award" in this case will be "north of $75,000" is a reasonable estimate of her claim. No other documentation or even factual proffer is made to establish this as a reasonable estimate. This statement without more is not enough. Given the presumption against removal if there is any doubt, the Court finds that Defendants have not satisfied its burden of showing that the amount in controversy is greater than $75,000.00. The Court therefore remands this matter as Defendants have not carried their burden in showing why removal is proper in this case. See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir. 1996) (noting that the removing defendant faces a strong presumption against removal and bears the burden of establishing that removal is proper).

### V.   CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion to Remand (ECF No. 7) is **GRANTED.** The case is **REMANDED** to the Eighth Judicial District Court. The Clerk of Court is instructed to close the case.

DATED: September 26, 2023.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**